(Clark County Probate Court.)

A. G. EMIG et al. v. THE COUNTY COMMISSIONERS et al.

---

(1). Section 4469 providing in ditch appeals, that upon the questions, "Whether said ditch will be conducive to the public health, convenience or welfare", and "whether the route thereof is practicable", it shall be necessary for only eight jurors to agree to return a verdict, is not in conflict with sec's. 5 or 19 of art. 1 of the constitution.

(2). It is not upon the question of the appropriation of the land for public use, but upon the compensation of land so appropriated that the owner is entitled of right to a hearing in court and the verdict of a jury.

(3). The jury is not required to find that the ditch is necessary, but only to respond to the four statutory questions provided for in section 4463 & 4469.

(4). The jury are not required in their view to see every foot of the route proposed, but may diverge and examine the adjoining lands, provided they keep in view the line of the proposed improvement.

---

ROCKEL, J.

Some objections to the charge given have been argued and have been carefully considered by the court, but I am not convinced that any substantial error exists herein.

It was argued that the law permitting a finding of eight upon the first two propositions submitted to the jury, is unconstitutional, as it involved the appropriation of private property, in which cases only the unanimous opinion of the common law jury of twelve can suffice to return a verdict.

Counsel are somewhat confused on this matter. It is not the right to take the property that is to be submitted to a jury, but it is the amount of compensation to which the owner is entitled, which the constitution requires a jury to determine.

The power of eminent domain is not conferred by the constitution. It simply provided mode and limitations upon its exercise. The power is an inseparable incident to sovereignty, and its exercise is conferred for the accomplishment of lawful objects, upon the general assembly.

This body may exercise the right directly, or they may delegate it to another. The only thing that the judiciary can do, is to see that the power is not abused, and that proper compensation be awarded the owner. In the present case it would have been for the legislature by special act to have declared the necessity for the proposed ditch improvement, or the entire power could have been vested in the county commissioners to determine whether the public health, welfare and convenience demanded or justified the improvement.

It was not required to be submitted to a jury at all, unless the legislature in its wisdom so declared. It being a matter resting solely in the legislature, it could have legally declared that an affirmative finding of any number of the jurors would have been sufficient to return a verdict in its favor.

These principles are fully recognized in Zimmerman v. Canfield, 42 Ohio St., 471, where it is said, "The state has delegated to the commissioners so much of her power of eminent domain, as is necessary to determine whether the construction of a ditch is so far a public necessity, as that it is demanded by considerations of public health, convenience or welfare. There is nothing in the constitution of our state which guarantees the owner of lands traversed by a ditch a trial by jury, or other judicial investigation, to determine upon its necessity, or whether it is conducive to the public good.

"While the statutes in question do provide for such a hearing upon appeal, it is so rather as a matter of favor than of right. The commissioners in determining the preliminary question of the necessity of appropriating land for the purpose of a ditch, are called to the exercise of political and not judicial power. It is a question rather of public policy than of private right.

"McMicken v. Cin., 4th Ohio St., 394; Giesy v. R. R. Co., 4th Ohio St., 325; People v. Smith, 21st N. Y., 527; Bowersox v. Watson, 20th Ohio St., 527; Cramer v. R. R. Co., 5 Ohio St., 146; Mills Eminent Domain, sec. 11, Cooley Constitutional Limitations, 528. It is not upon the question of the appropriation of the land for public use, but upon the compensation of land so appropriated that

the owner is entitled of right, to a hearing in court and the verdict of the jury."

The court was asked to require the jury in addition to the four questions specifically submitted to them, in accordance with section 4469, to find that the proposed improvement is necessary. This instruction is based upon the first sentence of sec. 4462, where it is said, "If the jury find that the improvement is necessary and the same will be conducive to the public health, convenience or welfare, and is practicable, the commissioners shall apportion the compensation etc." It is rather difficult to give a reason for the existence of the first sentence of this section.

The law only recognizes four questions to be submitted to the jury in the sections relating to appeal in this kind of cases and to the form of verdict required. And further it seems to me that a finding that the proposed ditch would be conducive to the public health, convenience or welfare, is equivalent to a finding that it was necessary. Cory v. Swager, 22 Ind., p.— it is said: "The petition does not in terms infer that there is any necessity for the ditch, nor does it attempt to specifically state facts directly showing a necessity for the establishment of the ditch petitioned for. It does however aver that the construction of the proposed ditch will be conducive to the public health, convenience and welfare, and will be a public benefit and utility. We think a ditch that is conducive to the public health, convenience and welfare and which is also a public benefit and utility, may justly be regarded as necessary. I tis evident that the legislature did not use the word necessity as meaning that which is absolutely requisite, but as meaning that which is essentially requisite. Certainly what will benefit the public and conduce to the general health and welfare, may be regarded as possessing the quality of being necessary." This sentence was inserted by the codified commission, and it occurs to me that it can only be considered as a tautological expression. If the jury find the ditch is conducive to the public health, convenience or welfare, and the route is practicable, as a question of law it could not be held otherwise than that they also found it necessary.

It is also alleged that there was misconduct in the jury in their view of the proposed improvement. The alleged misconduct is this, that the jury at one point diverged from the line of the ditch to a natural water course about 800 feet distant, that when they again approached the line of the ditch it was about 400 feet below the place where they left. At another place they again diverged from the line of the ditch about the same distance, and when they again reached the line of the ditch, they were about 800 feet from the place where they had left it. Thus

making about 400 feet at one place and 800 feet at another place where they did not go over the exact line of the ditch. These divergences it is admitted were made in inspecting the surrounding premises.

The 400 feet omitted was cleared land over which I have no doubt the jury could plainly observe the nature of the land, its qualities and capabilities of being drained. The 800 feet was covered by a thick growth of willows and underbush and it is probable that the exact line of the ditch was not seen over this entire 800 feet by the jury but it is not much doubt but that a large portion of it was seen by the jury from the points where they left it and where they returned to it. Thus leaving a very small part of the exact line of the ditch not seen by the jury. The divergence at this point was made for the purpose of examining some low land which it was claimed the proposed ditch would drain.

This was a proper thing for the jury to do. The law does not require that the exact line of the ditch should be traversed over, but it is required that they "should view the premises along the route" section 4467) and that they should fully examine the premises (sec. 4468). Premises here means lands and surrounding country. I take it that the law means that the jury should view the lands that would probably be benefited by the proposed improvement. That they are not required to see every foot of the route proposed, and that all that is required is a substantial complyance with the law in regard to their view of the premises. Besides, in the present case, the surveyor who accompanied them, says that the entire route was viewed by the jury, and the presumption is that the jury made substantial compliance with the instruction of the court upon this matter before the view was made, and that they made such examination of the premises as was required of them by law and the oath which they had given.

Furthermore, the entire route in all its various phases was gone over in detail by the testimony of witnesses in open court. I am not convinced that there was such misconduct of the jury as resulted prejudicially to rights of the plaintiffsin this case.

Motion will therefore be overruled.